## OHIO COURTS OF APPEALS

### No. 304

### COVENTRY LAND & IMP. CO. v. PREIFFER & MILLER RUMMER, ETC., CO.

Ohio Court of Appeals, Summit County
No. 571. Jan. 10, 1923

PLEADING—(1) Motion to strike out allegations in an action for fraud—(2) Attaching copy of written instrument to petition—(3) General demurrer improperly sustained.

FUNK, J.

#### Epitomized Opinion

This was a suit to declare a trust to certain land. The plaintiff's petition alleged that one Pfeiffer had fraudulently obtained from plaintiff an option to purchase certain land under fraudulent representations that he would improve and develop this land. The petition also set up that Pfeiffer conveyed this land to the Miller Land Co. for the purpose of carrying out this fraudulent intent. Defendant filed a motion to strike certain matters from the petition, which was overruled. Later an amended petition was filed and the same motion renewed asking that the same matters be stricken out and that the plaintiff be compelled to attach a copy of the opinion and written agreement. As this motion was fully sustained, another amended petition was filed. A demurrer was then sustained to this petition. Final judgment was then rendered and plaintiff filed its petition in error in the court of appeals. The court in reversing the judgment of the lower court held:

1. In an action of fraud much latitude is permitted in setting forth the facts and surrounding circumstances upon which said fraud is predicated, and it is error for a court to strike out certain statements and allegations even though they include some irrelevant matters.

2. As the option and written agreement between plaintiff and defendant were not such contracts evidencing an indebtedness as is contemplated under GC. Sec. 11333, such writings are not required to be attached to the petition.

3. Where a person procures property from another under certain representation, promises, statements and agreement, with the absolute intention at the time of making the contract of not performing, is actionable fraud, which will sustain an action to declare a trust, and therefore a petition setting up such facts is not demurrable.

Attorneys—Robinson and Waters, Andress, etc., for Coventry Land Co.; Rockwell & Grant, for Pfeiffer and Miller Land Co.

### No. 305

### WEINER CO. v. CITIZENS SAV. & TRUST CO.

Ohio Court of Appeals, Summit County
No. 611. Jan. 4, 1923

PLEADINGS—(1) Departure—Motion based upon.

ERROR—(1) Failure to file bill of exceptions.

BY THE COURT.

#### Epitomized Opinion

One June 10, 1920, the Weiner Co. secured a judgment against Cerny and his wife for $280.75. On June 20, 1920, the Cernys gave a mortgage to the Trust Co. to secure a loan. Later upon default the Trust Co. started a suit to foreclose the mortgage. The Weiner Co. filed an answer setting up its judgment as a prior lien. The property was ordered sold, but the question of priorities was reserved by the court. As the property did not sell for enough to satisfy both the lien and mortgage, the Trust Co.

set up the fact that an original mortgage was given on April 22, 1920, and that this mortgage was called in and the outstanding one given in its stead. The Trust Co. claimed that this entitled it to priority. A motion was filed by the Weiner Co. to strike the reply from the files upon the ground that the judgment of sale was a final order and no further pleading could be filed. As the motion was overruled, the case was heard upon the evidence, and the trial court found that the Trust Co. was entitled to priority to the extent of the original mortgage, but not to the extent of the outstanding mortgage. The Weiner Co. prosecuted error claiming that there was a departure between the petition and reply. In sustaining the judgment of the lower court, the court of appeals held:

1. While there was a departure in plaintiff's pleadings, the motion was properly overruled as the defect should have been taken advantage of by a motion to strike only that part of the reply from the files that contained the departure instead of a motion to strike the whole reply from the record.

2. As no bill of exceptions was filed containing the evidence, the question as to whether the judgment was sustained by the evidence cannot be considered.

Attorneys—Sieber, Sieber & Amer, for Weiner Co.; Myers, for Trust Co.

### No. 306

### INDUSTRIAL COM. v. RADANOV

Ohio Court of Appeals, Summit County
No. 638. Jan. 16, 1923

PREJUDICIAL ERROR—(1) Verdict manfestly against the weight of evidence.

BY THE COURT.

#### Epitomized Opinion

Plaintiff was an employe of the Miller Rubber Co. of Akron, and claimed that he sustained certain injuries from being overcome by poisonous fumes. Several months after the accident he made application to the State Industrial Commission for compensation, but was refused upon the grounds that he did not suffer such injury while working. He then prosecuted an appeal to the common pleas court. At the trial the statement of the plaintiff, the statement of one of the Company's agents and the statement of a doctor were introduced in evidence in support of plaintiff's claim. The Commission introduced evidence showing that the plaintiff did not inform any of his doctors that he had suffered such an injury, the statement of two doctors that the plaintiff was suffering from no such injury, the fact that application for compensation was not made until eighteen months after alleged injury, and the company's report showing that no injurious gases were given off, and that plaintiff was only occasionally near the vats where these chemicals were used. The jury found for the plaintiff and the Commission prosecuted error upon the ground that the verdict was against the weight of the evidence. In reversing the judgment the court of appeals held:

1. That the verdict was manifestly against the weight of evidence.

Attorneys—Price, Zurnphly, Doyle, for Commission; Snoyer, Clinedinst & Smoyer, for Radanov.